**RECORD NO. 08-5137**

In The
# United States Court Of Appeals
For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

**v.**

## VINCENT ANTHONY MAYERS,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA AT CHARLOTTE**

---

## REPLY BRIEF OF APPELLANT

---

**Claire J. Rauscher**
**Executive Director**
**FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC.**

**Ann L. Hester**
***Counsel of Record***
**Cecilia Oseguera**
**227 West 4th Street**
**Suite 300**
**Charlotte, North Carolina 28202**
**(704) 374-0720**

***Counsel for Appellant***

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . 2

I. Whether the undisputed facts amount to a state felony offense is a legal question subject to *de novo* review, rather than review for clear error . . . . . . . . . . 2

II. The Government offers no authority to support its contention that intent to kill can be inferred when a defendant has possession of a deadly weapon during an assault and refrains from using it in any attempt to injure the victim . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s):**

**Cases:**

*State v. Blymer*,
570 S.E.2d 236 (N.C. App. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*State v. Grigsby*,
526 S.E.2d 460 (N.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*State v. Maddox*,
583 S.E.2d 601 (N.C. App. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*State v. Musselwhite*,
297 S.E.2d 181 (N.C. App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

*State v. Thacker*,
189 S.E.2d 145 (N.C. 1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7

*United States v. Blount*,
337 F.3d 404 (4th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*United States v. Drake*,
2009 WL 301848 (4th Cir. Feb. 9, 2009) . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

*United States v. Garnett*,
243 F.3d 824 (4th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

*United States v. Shelton*,
2009 WL 703923 (4th Cir. Mar. 16, 2009) . . . . . . . . . . . . . . . . . . . . . 2, 4, 5

**Sentencing Guidelines:**

USSG § 2K2.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

USSG § 2K2.1(b)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

USSG § 2K2.1(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

## INTRODUCTION

This case requires the Court to determine whether the Government satisfied its burden of proving that Vincent Mayers intended to kill Rebecca Hall when he assaulted her. Absent proof of such intent, Mayers' assault was a misdemeanor under North Carolina law, and the four-level enhancement of USSG § 2K2.1(b)(6) for using a firearm in connection with another felony offense does not apply.

The Government insists that the circumstances of the offense, in combination with Mayers' history of previously assaulting Hall, "support[] a reasonable inference that at the time Defendant put the firearm to Ms. Hall's temple, he did so with an intent to kill her." Govt. Br. at 10. Yet the Government fails to offer any explanation for why, if Mayers intended to kill Hall when he pointed his gun her, he refrained from firing it or using it in any other way to injure her. The only logical inference—reflected in the state's decision to prosecute Mayers only for a misdemeanor—is that Mayers intended to frighten, but not to kill, Hall. Furthermore, absent evidence that Mayers used the gun to injure, or to attempt to injure, Hall, North Carolina law does not permit an inference of intent to kill.

The question of whether North Carolina law permits an inference of intent to kill under the facts of this case, which are not in dispute, is a legal question

subject to *de novo* review. However, even if the Court were to apply the clearly erroneous standard of review to the district court's application of the four-level enhancement for using a firearm in connection with another felony offense, it would still be required to vacate the district court's application of the enhancement.

## ARGUMENT

**I. Whether the undisputed facts amount to a state felony offense is a legal question subject to *de novo* review, rather than review for clear error.**

The Government argues that "the determination of whether a defendant possessed a firearm in connection with another felony offense under Sentencing Guidelines § 2K2.1 is a question of fact that this Court reviews for clear error." Govt. Br. at 7. In support of this assertion, the Government cites *United States v. Garnett*, 243 F.3d 824, 828 (4th Cir. 2001); *United States v. Shelton*, 2009 WL 703923, at *1 (4th Cir. Mar. 16, 2009) (unpublished); and *United States v. Drake*, 2009 WL 301848, at *1 (4th Cir. Feb. 9, 2009) (unpublished).

*Garnett*, the only published decision on which the government relies, merely stands for the proposition that this Court "review[s] the district court's findings of fact for clear error." 243 F.3d at 828. *Garnett* did not hold that the clear-error standard applies when the only question for the district court was

whether *undisputed* facts established that the defendant committed a felony under state law.

That was the question facing the district court in this case, and the district court's answer was a legal conclusion that this Court should review *de novo*. The facts below were not in dispute: Mayers possessed a firearm, and he used that firearm in connection with an assault on Rebecca Hall, pointing it at her head but never firing it. (JA 163). Rather than deny those facts, Mayers argued that they did not amount to a felony under North Carolina law. (JA 74).

The district court was required to ascertain that Mayers' conduct satisfied the elements of a particular North Carolina felony. *See United States v. Blount*, 337 F.3d 404, 407 (4th Cir. 2003) (there is "no way to determine whether an offense is 'punishable by imprisonment for a term exceeding one year' except by ascertaining that such conduct satisfies the elements of a particular crime"). The district court failed to discharge that obligation, and instead merely ruled that "[t]here's a factual basis to support a state felony charge in this case," without addressing the elements of the state felony charge or even stating which charge it had in mind. (JA 74). Whether the district court's statement is correct – *i.e.*, whether the undisputed facts, as a matter of North Carolina law, *support* a state felony charge – is a question of law that this Court must review *de novo*. In fact,

in *Garnett*, cited by the Government, the Court applied what amounted to a *de novo* review to determine whether the Government had produced evidence of each element of the other felony offense. 243 F.3d at 829-31.

In *Shelton*, an unpublished case cited by the Government, this Court did state that "[t]he district court's determination that a defendant possessed a firearm in connection with another felony offense is a factual question. . . and is thus reviewed for clear error." 2009 WL 703923 at *1. However, in that case, the defendant contended that the Government had not shown any "connection" between the firearm and the felony offense of counterfeiting. *Id.* In contrast to a determination of whether undisputed facts satisfy the elements of a state crime, determining whether a defendant's use of a firearm is "connected" to an admitted felony offense is necessarily a factual determination which is entitled to deference on appeal.

In *Drake*, also an unpublished case, the issue was whether the district court had erred in finding that the defendant sold a firearm "'with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense.'" 2009 WL 301848 at *1 (quoting USSG § 2K2.1(b)(5) (2003)). While the Court applied the clearly erroneous standard of review, it did so in reviewing whether the district court properly found that "Drake furnished the

firearms knowing they would be used to facilitate or embolden Chambers in his sale of illegal drugs." *Id.* at *2. Like *Shelton*, *Drake* did not present the Court with the issue of whether undisputed facts were legally sufficient to satisfy the elements of a state felony offense.

Even if this Court reviews the district court's determination under a clearly erroneous standard, however, the district court's decision still must be reversed. The facts, however construed, preclude any reasonable inference that Mayers intended to kill Hall.

## II. The Government offers no authority to support its contention that intent to kill can be inferred when a defendant has possession of a deadly weapon during an assault and refrains from using it in any attempt to injure the victim.

Citing five North Carolina cases, the Government argues that the circumstances of the assault supported an inference that Mayers intended to kill Hall when he assaulted her. Govt. Br. at 9-11 (citing *State v. Grigsby*, 526 S.E.2d 460, 462 (N.C. 2000); *State v. Thacker*, 189 S.E.2d 145 (N.C. 1972); *State v. Maddox*, 583 S.E.2d 601, 604 (N.C. App. 2003); *State v. Blymer*, 570 S.E.2d 236 (N.C. App. 2002); *State v. Musselwhite*, 297 S.E.2d 181, 184 (N.C. App. 1982)). Specifically, the Government contends that the circumstances of the assault – Mayers having pointed a gun at Hall's temple and punched her in the face, combined with his prior, non-lethal assaults against her – support an inference that

Mayers intended to kill Hall. Govt Br. at 10. That contention defies common sense and finds no support in the cases cited by the Government.

Most fundamentally, the Government does not explain – because it cannot – why, if Mayers *intended* to kill Hall, he did not *try* to use the firearm to do so. Nothing prevented Mayers from firing at Hall; there is no evidence in the record that Mayers' assault ended for any reason other than his own decision to stop it short of seriously injuring Hall. When police arrived at the scene, Mayers was gone. (JA 163). It is simply illogical to suggest that Mayers intended to kill Hall when he assaulted her, yet refrained from firing his gun or otherwise using it to injure her. Under these circumstances, the only logical inference is that Mayers intended to frighten Hall with the weapon but did not intend to kill her.

While North Carolina courts do permit an inference of intent to kill "from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances," *Thacker*, 189 S.E.2d at 150, the Government cannot identify a single case in which North Carolina courts have permitted an inference of intent to kill from an assault in which the deadly weapon was not used to injure, or at least to attempt to injure, the victim. In every case cited by the Government in which intent to kill was inferred from the circumstances of the assault or a prior history of assaults against the victim, the

defendant in fact used the deadly weapon to injure, or to attempt to injure, the victim. *See, e.g.*, *Thacker*, 189 S.E.2d at 150 (defendant stabbed victim repeatedly "in vital areas of her body with a six-inch knife blade"); *Grigsby*, 526 S.E.2d at 463 (armed robbery victim was stabbed, and his lung was punctured, during altercation with assailant over an assault-type knife with finger holes); *Maddox*, 583 S.E.2d at 604 (defendant shot at victim five times while victim attempted to flee, and victim only avoided serious injury or death by jumping behind a tree); *Blymer*, 570 S.E.2d at 238 (defendant drove into victim with a truck, pinning the victim against a mobile home and pumping the clutch several times while saying "How's that feel, you son of a bitch," resulting in the victim's suffering life-threatening injuries); *Musselwhite*, 297 S.E.2d at 183-84 (defendant stabbed girlfriend twice in the arm and threatened "to cut off her head and cut her into pieces" before assault was stopped by police officer).

Where a defendant possessed a deadly weapon during an assault but neither fired it nor used it to injure anyone, North Carolina law does not permit an inference of intent to kill. In Mayers' case, intent to kill cannot be inferred when Mayers had a gun in his possession at the time of the assault and refrained from using it to injure Hall. The Government offers no explanation for why Mayers would have refrained from using the gun if he intended to kill Hall, and the only

reasonable inference in this case is that Mayers refrained from using his gun because he did not intend to kill Hall. Therefore, Mayers' assault of Hall was not a felony under North Carolina law, and the district court erred enhancing Mayers' sentence by four levels for using the firearm in connection with another felony offense.

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Mayers' Opening Brief, the Court should vacate the district court's judgment.

This, the 28th day of May, 2009.

Claire E. Rauscher, Director
Federal Defenders of
Western North Carolina, Inc.

/s/ Ann L. Hester
*Ann L. Hester
Cecilia Oseguera
Assistant Federal Defender
227 W. 4th Street, Suite 300
Charlotte, NC 28202
(704) 374-0720
Counsel for Appellant Mayers
*Counsel of Record

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

**Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

   this brief contains 1,761 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   this brief has been prepared in a proportional spaced typeface using WordPerfect in 14 point Times New Roman.

/s/ Ann L. Hester
Counsel for Appellant

Dated: May 28, 2009

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on May 28, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Amy E. Ray
OFFICE OF THE U.S. ATTORNEY
United States Courthouse
100 Otis Street, Room 233
Asheville, NC 28801
(828) 271-4661

*Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

/s/ Carly A. Ramey
Carly A. Ramey
GIBSON MOORE APPELLATE SERVICES, LLC
421 East Franklin Street, Suite 230
Richmond, VA 23219